Wrenn, Daniel M., J.
The plaintiff in the present action is a contractor who performed construction repair and/or renovation work at the defendant’s residential property. This work was done pursuant to a written contract and was necessitated due to some winter damage sustained on the defendant’s home. The damage was covered by the homeowner’s insurance carrier Liberty Mutual.
The plaintiff is looking to be paid for work performed while the defendant is claiming that the work was done in a defective and unworkmanlike fashion such that payment is not warranted and in fact the defendant further alleges that substantial monies will need to be paid in order to correct the alleged defective work. The party in interest JP Morgan Chase Bank holds the mortgage on Manning’s property and is holding $24,798.28 of insurance proceeds provided by Liberty Mutual which monies are to be utilized to pay for repairs and/or renovations to the home.
The plaintiff has brought the present motion seeking to freeze the money held by JP Morgan Chase Bank and to prevent the defendant from expending any other monies up to an amount of $54,265.10 which amount the plaintiff alleges is owed to it pursuant to the contractual agreement.
The parties have each submitted substantial written materials in support of the various positions with the plaintiff providing several affidavits including an affidavit of Richard Testa, Jr., an engineer retained by the plaintiff to assist in the issues arising in this litigation, as well as an affidavit of Tracey Swenson, the lead carpenter for the plaintiff. Mr. Swenson in his affidavit based on personal knowledge goes through a number of the construction issues raised in this case.
The defendant in response to the plaintiffs motion has provided an affidavit from Steven Mortrude of Aquidneck Consulting Engineers, the entity that designed the repair work subsequent to the initiation of the insurance claim. That is, Mr. Mortrude is the lead engineer for the entity that did the design work that ultimately resulted in the contract issued to the plaintiff.
In reviewing the affidavits submitted by both sides, there is a clear substantial issue of fact in that if the court were to accept as true the affidavits submitted by the plaintiff then a judgment for the plaintiff would be likely, however, if the court accepts the affidavits submitted by the defendant then a judgment for the defendant would be likely.
In addition it is in the best interest of both parties that the needed repairs to the defendant’s home go forward since once repaired, the home will have substantial value. The plaintiff has a mechanic’s lien on the subject properly and therefore that lien is enhanced when good and appropriate repairs are made to the property which repairs serve to enhance the property value.
February 17, 2012 and the case presently has been stayed since the parties are going to proceed to arbitration. The court presently has this matter scheduled for a status review date of June 12, 2012.
Thus, given the status of this matter, the fact that the plaintiffs affidavits do establish a reasonable likelihood of success on the merits, and the equities in this case are such that it is in both parties’ interest that good and appropriate repairs be made to the property, the court orders as follows:
1. JP Morgan Chase Bank shall hold the money it currently has, that being $24,798.28. That money shall not be released to the defendant, the plaintiff or any other party unless and until proper documentation has been supplied evidencing repairs and/or work done for the benefit of the defendant’s property. In addition prior to releasing said payment JP Morgan Chase Bank shall present via affidavit a request for release of payment to the court with appropriate documentation relative thereto.
2. At the June 12, 2012 status conference each party shall provide a written status report concerning the arbitration proceeding which report shall be filed with the court the Friday before the June 12, 2012 hearing. In addition by the Friday before the June 12, 2012 hearing the defendant shall by affidavit file an accounting as to all monies expended to repair the defendant’s residence from March 8, 2012 up through the time of the filing of said affidavit.